IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTHONY BRIGHTWELL** : | **CIVIL ACTION** |
| : | |
| **v.** : | |
| : | |
| **BRIAN COLEMAN, THE DISTRICT** : | |
| **ATTORNEY OF THE COUNTY** : | |
| **OF CHESTER and THE** : | |
| **ATTORNEY GENERAL OF THE** : | |
| **STATE OF PENNSYLVANIA** : | **NO. 11-4042** |

## MEMORANDUM

**Savage, J.**                                                                                 **August 25, 2021**

Eight years after filing and then withdrawing his petition for writ of *habeas corpus*, petitioner Anthony Brightwell, a state prisoner, has filed what he labelled a "Motion to Consider Decision in *Reeves v. Fayette*, 897 F.3d 154 (3d Cir. 2018)." He contends that *Reeves* "establishes a mechanism to overcome the procedural bar in this case," allowing us to consider his claim that the attorneys who represented him at trial and in his post-conviction proceedings were ineffective.[1] He argues that his trial attorney failed to investigate and call certain witnesses, and his post-conviction attorney failed to raise the issue.[2]

Because the motion is actually a *habeas* motion filed long after the statutory limitations period expired, it is time-barred. Brightwell offers no reason why he waited years to raise these issues. Even if his petition were timely, his reliance on *Reeves* is misplaced. It does not apply to his case. It does not excuse his delay in presenting his

---

[1] Mot. to Consider Decision in *Reeves v. Fayette*, 897 F.3d 154 (3d Cir. 2018) (ECF No. 8) at 9 ("Motion to Consider *Reeves*").

[2] *Id.* at 9-10.

claim.  Furthermore, Brightwell does not present "new evidence" of his actual innocence.  What he characterizes as new evidence is neither new nor reliable.  Nor would it more likely that a reasonable juror would have found him guilty in light of the evidence.  Thus, we shall deny his motion.

## Procedural History

On January 8, 2004, Brightwell was convicted by a jury of four counts of robbery and two counts each of theft, possessing instruments of crime, and receiving stolen property.[3]  On March 10, 2004, pursuant to Pennsylvania's "three strikes" law, he was sentenced to a 50 to 100-year prison term.[4]

On May 3, 2005, the Pennsylvania Superior Court affirmed the judgment of sentence.[5]  The Pennsylvania Supreme Court denied his petition for allowance of appeal on September 27, 2005.[6]

On January 19, 2006, Brightwell filed a *pro se* PCRA petition in state court that was amended by counsel.[7]  After conducting two hearings, the PCRA court denied the petition on October 13, 2006.[8]

---

[3] *Commw. v. Brightwell*, No. CP-15-CR-60-2003 (Chester Ct. Com. Pl.); *Commw. v. Brightwell*, No. CP-15-CR-540-2003 (Chester Ct. Com. Pl.).

[4] *Commw. v. Brightwell*, No. CP-15-CR-60-2003 (Chester Ct. Com. Pl.); *Commw. v. Brightwell*, No. CP-15-CR-540-2003 (Chester Ct. Com. Pl.).  *See* 42 Pa. C.S. § 9714(a)(2).

[5] *Commw. v. Brightwell*, 880 A.2d 3 (Pa. Super. Ct. 2005) (table).

[6] *Commw. v. Brightwell*, 885 A.2d 40 (Pa. 2005) (table).

[7] *Commw. v. Brightwell*, No. CP-15-CR-60-2003 (Chester Ct. Com. Pl. Mar.); *Commw. v. Brightwell*, No. CP-15-CR-540-2003 (Chester Ct. Com. Pl.).

[8] *Commw. v. Brightwell*, Nos. CP-15-CR-60-2003, CP-15-CR-540-2003, 2006 WL 5430372 (Chester Ct. Com. Pl. Oct. 13, 2006).

Brightwell filed a *pro se* notice of appeal to the Superior Court.[9] On August 20, 2009, the Superior Court affirmed denial of his PCRA petition. On June 23, 2010, the Supreme Court denied his petition for allowance of appeal.[10]

On June 21, 2011, Brightwell filed a *habeas* petition pursuant to 28 U.S.C. § 2254. Three weeks later, without explanation, he moved to withdraw it.[11] On July 12, 2011, his motion was granted and the petition was withdrawn.[12]

On July 15, 2019, eight years later, Brightwell erroneously filed a Motion to Consider Decision in *Reeves* in his son's case (C.A. No. 16-5103), unrelated to this case. We denied that motion on July 22, 2019.[13] On February 18, 2020, again in his son's case, Brightwell requested that we re-open the motion.[14] In this case, he filed a motion raising *Reeves* on March 9, 2020 which we denied on the same day. After the filing error was discovered, Brightwell submitted a letter request seeking reconsideration of our decision denying his motion raising *Reeves*. We treated his request as a motion for reconsideration. In light of this confusing filing history, we shall consider his motion anew.

---

[9] *Commw. v. Brightwell*, No. CP-15-CR-0000060-2003 (Chester Ct. Com. Pl. Mar.); *Commw. v. Brightwell*, No. CP-15-CR-00000540-2003 (Chester Ct. Com. Pl.).

[10] *Commw. v. Brightwell*, 997 A.2d 1174 (Pa. 2010) (table).

[11] Pet. for Writ of *Habeas Corpus* (ECF No. 1); Mot. for Leave to Withdraw *Habeas Corpus* Pet. (ECF No. 4).

[12] July 12, 2011 Order (ECF No. 5). The District Attorney of Chester County ("the County") argues in its response that Brightwell's petition was untimely. County's Resp. to Mot. to Consider *Reeves* at 11-15. Because the petition was withdrawn, we do not consider its timeliness.

[13] Mot. to Consider *Reeves*; July 22, 2019 Order (ECF No. 9) filed in C.A. No. 16-1503 before Brightwell's filing error was discovered.

[14] Mot. to Re-open Mot. to Consider *Reeves* (ECF No. 11) filed in C.A. No. 16-5103.

3

## Legal Standard

## Analysis

A *habeas* petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") must be filed within one year after the state court judgment becomes final. 28 U.S.C. § 2244(d)(1). There are certain later events that trigger a new one-year period. The relevant provision provides that the limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such a review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

The one-year limitations period is tolled during the time a properly filed application for post-conviction relief or other collateral review is pending in the state court. 28 U.S.C. § 2244(d)(2). Consequently, the filing of a petition in state court stops the running of the limitations period while the petition remains pending in the state court. 28 U.S.C. § 2244(d)(2).

The Pennsylvania Supreme Court denied Brightwell's petition for allowance of appeal from the Superior Court's affirmance of his conviction on September 27, 2005.

Thus, when his sentence became final on December 26, 2005, the AEDPA clock started running.  See 28 U.S.C. § 2244(d)(1)(A).

Brightwell filed a PCRA petition in the state court on January 19, 2006.  It tolled the limitations period until June 23, 2010, when the Pennsylvania Supreme Court denied his petition for allowance of appeal from the Superior Court's affirmance of the PCRA court's denial of his PCRA petition.

When he filed the PCRA petition, twenty-four days had elapsed.  When the Pennsylvania Supreme Court denied *allocator,* he had 342 days remaining, or until May 30, 2011, to seek *habeas* relief.  He did not file his § 2254 *habeas* petition until June 20, 2011.  He withdrew it on July 11, 2011.  Eight years later, he filed a motion styled "Motion to Consider Decision in *Reeves v Fayette*."  He couches his argument as a plea of actual innocence.

Apparently recognizing that his *habeas* petition was untimely, Brightwell argues that *Reeves v. Fayette SCI*, 897 F.3d 154 (3d Cir. 2018), excuses his failure to file a timely *habeas* petition.  He contends his trial counsel's "failure to discover or present . . . exculpatory evidence that demonstrate (sic) his actual innocence" is new evidence that overcomes "the procedural bar in this case."[15]

*Reeves* held that where a state prisoner asserts ineffective assistance of counsel based on counsel's failure to discover or present exculpatory evidence demonstrating his actual innocence, that evidence qualifies as new evidence for purposes of the actual innocence miscarriage of justice gateway to excuse procedural default.  *Reeves v. Fayette* SCI, 897 F.3d at 164 (3d Cir 2018).  To meet the demanding standard required

---

[15] Mot. at 8-9.

to establish actual innocence, "a petitioner must present new, reliable evidence" and demonstrate that it is "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 160 (citing *Houck v. Stickman*, 625 F.3d 88, 93 (3d Cir 2010)).

Evaluating whether new evidence meets this standard is a two-step process. *Id.* at 160-61. First, the court must determine whether the evidence is reliable. *Id.* In making this determination, the court considers "how the timing of [the petitioner's] submission and the likely credibility of the witnesses bear on the probable reliability of that evidence as well as the circumstances surrounding the evidence and any supporting corroboration". *Id.* at 161 (citing *House v. Bell*, 547 U.S. 518, 537, 551 (2006); *McQuiggin*, 569 U.S. at 399)).

At the second step, the court determines whether the petitioner has shown "'by a preponderance of the evidence that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence,'" or stated differently, that it is "'more likely than not any reasonable juror would have reasonable doubt.'" *Id.* at 160 (quoting *Houck v. Stickman*, 625 F.3d 88, 93 (3d Cir. 2010); *House v. Bell*, 547 U.S. 518, 538 (2006)) (additional citations and quotations omitted). In doing so, the court "must consider all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *Id.* at 161 (quoting *House*, 547 U.S. at 538. "[N]ew, reliable evidence that 'undermine[s] the [trial] evidence pointing to the identity of the [perpetrator] and the motive for the [crime]'" may be sufficient, but "mere impeachment evidence" is typically not. *Id.*

(quoting *Munchinski v. Wilson*, 694 F.3d 308, 338 (3d Cir. 2012)); *Goldblum v. Klem*, 510 F.3d 204, 233 (3d Cir. 2007).

We do not make an independent determination about guilt or innocence.  Instead, we consider the likely impact of the evidence on reasonable jurors.  *Reeves*, 897 F.3d at 161 (quoting *House*, 547 U.S. at 538).  Only if we are satisfied both that the evidence is reliable and that no reasonable juror would have convicted him in light of it, do we review the ineffective assistance of counsel claim on the merits under the governing AEDPA standard of review.  *Id.* at 165.

Brightwell alleges that his trial counsel failed to discover or present the following exculpatory evidence demonstrating his actual innocence:

> (1) That the array of photographs from which he was identified failed to include three other suspects under consideration by the police;
> (2) That his photograph in the array was larger and lighter than the others;
> (3) That witnesses described the robber as having a beard when he did not;
> (4) That Dawn McWilliams, a manager at the Family Dollar that was robbed, told police that she suspected a disgruntled former employer had committed the robbery; and
> (5) Testimony from additional alibi witnesses.[16]

The evidence he lists in support of his actual innocence claim is not new nor is it exculpatory.  It was known to him at the time of his trial or shortly thereafter.  He does not explain why he waited 17 years to raise his claims.  In short, he mischaracterizes the

---

[16] Mot. to Consider *Reeves* at 4-6, 8-9.  In addition, Brightwell claims that he was never sentenced as a second-strike offender prior to being sentenced as a third strike offender and that the trial judge put a "fatal handicap" on him when he stated at trial that "cars may not be running on gasoline once you get out." *Id.* at 6-7 (citing *Commw. v. Woong Knee New*, 47 A.2d 450 (Pa. 1946)).  These claims do not involve Brightwell's actual innocence or a failure to introduce exculpatory evidence.

evidence, long known to him, as new evidence in an effort to overcome the AEDPA time bar.

What he claims is "new evidence" is the same evidence he relied upon in his state PCRA petition and in the federal *habeas* petition he withdrew eight years ago. The state court considered and rejected that same evidence on the merits.

Timeliness itself is not a bar to an actual innocence claim based on new evidence, but it is a factor bearing on the reliability of the proffered evidence. In this case, it undermines Brightwell's claim.

In his words, "the crux of [his] claims of ineffectiveness of counsel revolved around his actual innocence."[17] He seeks to "overcome the procedural bar in this case."[18] A petitioner must do more than baldly state that evidence will show he is innocent. He must demonstrate how it would cause a reasonable juror to have a reasonable doubt. Brightwell has not done so.

Brightwell was tried and convicted over 17 years ago. State court review was exhausted in 2010 when the Pennsylvania Supreme Court rejected his petition for allowance of appeal. Although Brightwell filed a petition for a federal writ of *habeas corpus* in 2011, he withdrew it three weeks later. Eight years later he filed this motion.

Brightwell offers no explanation for the delay. Indeed, it is apparent that the evidence he now characterizes as new was available to him for many years, dating back 19 years to his trial.

---

[17] Mot. at 9.

[18] *Id.*

## Conclusion

The evidence Brightwell contends is new under the *Reeves* standard is not new and reliable evidence that would lead a reasonable juror not to convict him. Consequently, it does not excuse his failure to file a timely *habeas* petition. Therefore, we shall deny his motion.